# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1502V
### Filed: March 16, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

DORIS LEVITZKI,

             Petitioner,

SECRETARY OF HEALTH
AND HUMAN SERVICES,

             Respondent.

Ruling on Entitlement; Concession;
Influenza Vaccination;
Shoulder Injury Related to Vaccine
Administration ("SIRVA");
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * *

Danielle A. Strait, Maglio Christopher and Toale, PA (DC), for petitioner.
Debra A. Begley, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On December 11, 2015, Doris Levitzki ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered left shoulder pain "causally related to an adverse reaction" after receiving an influenza vaccination on September 17, 2015. Petition at ¶¶ 3-4, 10. Petitioner further alleges that she has suffered the residual effects of her injury for more than six months, and neither she nor anyone else has received compensation or has filed a civil action for his injury alleged as vaccine caused. Id. at ¶¶ 11, 13-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 15, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

at 1.  Specifically, respondent "believes that the alleged injury is consistent SIRVA that was caused by the administration of petitioner's flu vaccination."  Id. at 3.  Respondent agrees that "petitioner met the statutory requirements by suffering the condition for more than six months . . . [and] has satisfied all legal prerequisites for compensation under the Vaccine Act."  Id. (citations omitted).

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master